**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**AMON VICTOR STRINGER
a.k.a. Amon Ra Stringer,**

|  |  |
|---|---|
| **Plaintiff,** | **Case No. 2:26-cv-121** |
| v. | **District Judge Michael H. Watson** |
|  | **Magistrate Judge Kimberly A. Jolson** |

**OPPORTUNITIES FOR
OHIOANS WITH DISABILITIES,**

　　　　**Defendant.**

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's failure to respond to the Court's Show Cause Order.  (Doc. 5).  For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

**I.　　BACKGROUND**

Plaintiff, who proceeds *pro se*, filed a motion for leave to proceed *in forma pauperis* and a complaint alleging the Opportunities for Ohioans with Disabilities abandoned and eventually terminated his individualized plan of employment in violation of the Rehabilitation Act without providing notice and an opportunity to be heard.  (Docs. 1, 1-1).  After observing some irregularities in Plaintiff's initial filing, the Court ordered Plaintiff to show cause and explain (1) why this case is not merely his mother, Ms. Vickie Stringer, asserting claims under his name; and (2) Ms. Stringer's involvement in this litigation.  (Doc. 2).  Plaintiff asked for more time to do so.  (Doc. 3).  The Court extended the response deadline to March 5.  (Doc. 4).  Plaintiff failed to file a response.  The Court subsequently ordered Plaintiff to show cause as to why this matter should not be dismissed for want of prosecution.  (Doc. 5).  Plaintiff was advised that failure to comply

with the Order would result in the dismissal of his case for want of prosecution.  (*Id.*).  To date, Plaintiff has failed to comply with the Court's Order.

## II.    DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal.  First, Plaintiff has not substantively responded to either of the Court's Show Cause Orders.  In particular, Plaintiff has failed to explain whether Plaintiff seeks judicial intervention of his own accord or if his mother is merely using his name to circumvent clear precedent that prohibits her from representing Plaintiff

2

and asserting claims on his behalf.  The absence of communication from Plaintiff and failure to address the Court's concerns demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault.  *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Since Defendant has not been served, there is little risk of prejudice.  But the remaining factors also weigh in favor of dismissal.  As described above, the Court warned Plaintiff that his failure to comply may result in the Court dismissing his action. (Doc. 5).  Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Finally, the Undersigned notes Ms. Stringer's recent active filing history in this Court.  *See* Case Nos. 2:24-cv-1717, 2:25-cv-1053, 2:25-cv-1055, 2:26-cv-428.  The Undersigned cautions Ms. Stringer that this Court can, in its inherent power, revoke or deny her privilege of proceeding *in forma pauperis* or impose other restrictions if she files "frivolous, harassing or duplicative lawsuits." *Levy v. Macy's, Inc.*, No. 1:13-CV-148, 2014 WL 49188, at *4–5 (S.D. Ohio Jan. 7, 2014) ("A prolific litigator may be required to obtain leave of Court before any further complaints will be accepted for filing . . . and the Court may deny a vexatious litigant permission to proceed

3

in forma pauperis." (internal citation omitted)); *see also In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Hopson v. Secret Service*, No. 3:12-CV-770-H, 2013 WL 1092915, at *1–3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10-CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-CV-1023, 2010 WL 2384535, at *2–3 (W.D. Mich. June 10, 2010).

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties any written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of

4

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: April 13, 2026                              /s/Kimberly A. Jolson
                                                  KIMBERLY A. JOLSON
                                                  UNITED STATES MAGISTRATE JUDGE